Predicated on the foregoing considerations, we find and hold that all claims in the protests enumerated in the schedule attached hereto must be overruled. Judgment will issue accordingly.

(C.D. 3298)

BAR ZEL EXPEDITERS ET AL. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided February 20, 1968)

*John D. Rode* for the plaintiffs.

*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

Before RAO, FORD, and BECKWORTH, Judges

RAO, Chief Judge: The protests listed in the schedule of protests annexed to this decision and made a part hereof consists of certain imported merchandise which was classified as other articles or wares, not specially provided for, whether wholly or partly manufactured, wholly or in chief value of copper, pursuant to the provisions of paragraph 397 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, and, accordingly, assessed with duty at the rate of 22½ per centum ad valorem.

It is claimed in said protests that said merchandise is properly dutiable at the rate of 17½ per centum ad valorem or at the rate of 15½ per centum ad valorem, depending upon the date of entry, under the provisions of paragraph 359 of said tariff act, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, supplemented by Presidential notification, 86 Treas. Dec. 337, T.D. 52820, or as modified by Presidential proclamation No. 3468, 97 Treas. Dec. 157, T.D. 55615, supplemented by Presidential proclamation No. 3479, 97 Treas. Dec. 430, T.D. 55649, as other dental instruments and parts thereof, wholly or in part of copper.

These protests have been submitted for decision upon a written stipulation of counsel for the respective parties hereto which reads as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiffs and the Assistant Attorney General for the United States that the items marked "A" and checked with his initials CJOC by Commodity Specialist C. J. O'Connor on the invoices covered by the protests listed in the attached schedule, assessed with duty at the rate of 22½ per centum ad valorem under the provisions of Paragraph 397, Tariff Act of 1930 as modified by the General Agreement on Tariffs and Trade, T.D. 51802, consists of copper bands the same in all material respects as the copper bands the subject of *Parkell Co.* v. *United States*, C.D. 2790, and therein held to be dutiable at the rate of 17½ per centum ad valorem under the provisions of Paragraph 359 as modified by T.D. 52739 and T.D. 52820 as other dental instruments, which said rate was further modified to 15½ per centum ad valorem for such merchandise entered on or after July 1, 1962.

IT IS FURTHER STIPULATED AND AGREED that the record in said C.D. 2790 be incorporated in the record herein, and that the protests be submitted on this stipulation, the protests being limited to those marked with an "A" as aforesaid.

Upon the agreed facts and the cited authority, we hold the merchandise here in question, identified by invoice items marked "A" and checked as aforesaid, to be dutiable at the rate of 17½ per centum ad valorem or at the rate of 15½ per centum ad valorem, depending upon the date of entry, under the provisions of paragraph 359 of said tariff act, as modified by said Torquay protocol, as supplemented, or as modified by said Presidential proclamations, as other dental instruments and parts thereof, wholly or in part of copper. The claim in the protests to that effect is sustained. All other claims are, however, overruled.

Judgment will be entered accordingly.